Michael D. Rounds
State Bar No. 4734
Matthew D. Francis
State Bar No. 6978
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
(775) 324-4100

Attorneys for Plaintiffs Sandy Cooper
and Garden Meadow, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDY COOPER, an individual, GARDEN MEADOW, INC., a Connecticut corporation,<br><br>              Plaintiffs,<br><br>v.<br><br>NINGBO XINGQIANG METALLIC PRODUCTS CO., LTD., a Chinese company,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs Sandy Cooper ("Ms. Cooper") and Garden Meadow, Inc. ("Garden Meadow") (collectively "Plaintiffs"), for their Complaint against Defendant Ningbo Xingqiang Metallic Products Co., Ltd. ("Defendant"), allege the following:

**I.  PRELIMINARY STATEMENT**

1.      By this action, Plaintiffs seek to halt the ongoing, blatant theft of their intellectual property by Defendant and to recover from Defendant all damages and injunctive relief allowable by law resulting from Defendant's wrongful acts.  As further alleged below, Defendant has offered for sale, advertised, and offered for sale in this judicial district and on the Internet, bogus copies of Plaintiffs' copyrighted solar light products.

2.      The harm to Plaintiffs and consumers from Defendant's conduct is manifest. Instead of creating their own product designs – and bearing the associated costs and risks –

1

Defendant has simply appropriated the product lines of Plaintiffs.  The popularity of Plaintiffs' products and the value of Plaintiffs' intellectual property will become severely compromised if Defendant is allowed to continue to sell their counterfeit solar products.  Furthermore, Plaintiffs are harmed by the displacement of the market for its genuine solar light products by a market for fake ones.  Defendant should be immediately enjoined from continuing its copyright infringement and compensate Plaintiffs for damages.

3. The acts complained of herein are now taking place at the National Hardware Show, at the Las Vegas Convention Center, North Halls, 3150 Paradise Road, Las Vegas, NV 89109, and Defendant can be found there.

## II.  JURISDICTION AND VENUE

4. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

5. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a), and in the Las Vegas Division of the District of Nevada.

## III.  PARTIES

7. Ms. Cooper is a resident of the State of Connecticut, and is the President of Garden Meadow.

8. Garden Meadow is a Connecticut corporation with its principal place of business located at 124 Research Drive, Building G & H, Milford, CT 06460.

9. Defendant Ningbo Xingqiang Metallic Products Co., Ltd. is a Chinese company with its principal place of business located at Hengsan Road, Binhai Industrial Area, Xidian Town, Ningbo, Zhejiang, China (Mainland) Zip: 315613.

## IV. FACTS

10. Garden Meadow is engaged in the business of manufacturing and distributing solar products and garden accessories.  These products include solar lighting, garden sculptures, citronella candles, storage units and ice coolers, cabanas, and other "outdoor living" products.

Garden Meadow's products are distributed around the world, and its customers include consumers as well as major domestic and international retailers.

11. Garden Meadow has always attached great importance to product development and innovation. Due to Garden Meadow's continuous and energetic devotion to product development and quality management, Garden Meadow's products are highly admired, appraised, and sought after not only by consumers, but also by professionals in the "outdoor living" industry for their innovative design and high quality.

12. Ms. Cooper personally designs all of Garden Meadow's products, and as a result, she has personally registered and received numerous Copyright Registrations in the United States. These Registrations (collectively the "Cooper Registrations") include, but are not limited to, the following:

(a) "Solar Estate Stakes" – U.S. Copyright Registration No. VA 1-370-954 (Exhibit A);

(b) "Solar Elephant" - U.S. Copyright Registration No. VA 1-425-762 (Exhibit B);

(c) "Solar Scroll Owls" - U.S. Copyright Registration No. VAu 967-188 (Exhibit C);

(d) "Solar Flower Lantern" - U.S. Copyright Registration No. VA 1-668-337 (Exhibit D);

(e) "Solar Swirl Lantern" - U.S. Copyright Registration No. VA 1-747-291 (Exhibit E);

(f) "Solar Leaf lantern" - U.S. Copyright Registration No. VA 1-668-335 (Exhibit F);

(g) "Solar Green Lit Ball" - U.S. Copyright Registration No. VA1-751-604 (Exhibit G);

(h) "Solar Hanging Sun" - U.S. Copyright Registration No. VAu 1-036-279 (Exhibit H);

13. Garden Meadow is also the owner of certain Copyright Registrations and Applications ("Garden Meadow Registrations"), some of which were assigned or transferred from Ms. Cooper. These Registrations include the following:

     (a)     "Solar Coastal Patio Lantern Cattails" - U.S. Copyright Registration No. VA 1-679-965 (Exhibit I);

     (b)     "Solar Tropical Patio Lantern – Palm Tree" – U.S. Copyright Registration No. VA 1-679-856 (Exhibit J);

     (c)     "Solar Sun" - U.S. Copyright Registration No. VA 1-684-990 (Exhibit K);

     (d)     "Solar Moon" - U.S. Copyright Registration No. VAu 1-002-280 (Exhibit L);

     (d)     "Solar Zen Birdcage" – U.S. Copyright Application  (Exhibit M).

14. The National Hardware Show ("Hardware Show") is currently being held at the Las Vegas Convention Center in Las Vegas, Nevada.  *See* http://nationalhardwareshow.com/.  The Hardware Show is the most important trade show for home after market products in the United States.  The Hardware Show is Plaintiffs' main source of revenue, and is where the vast majority of their annual sales are made.  The Hardware Show officially begins on March 10, 2010, and ends on May 12, 2010.

15. Plaintiffs are exhibiting its products at the Hardware Show.  Defendants are also exhibiting its products at the Hardware Show as well, and also distributing catalogs which display their infringing products and works ("Infringing Products").  Copies of photographs of the Infringing Products from these catalogs are attached collectively hereto as Exhibits N through U.  Furthermore, Defendants operate two (2) websites which display and offer for sale their Infringing Products.  Copies from the http://nbxingqiang.en.alibaba.com/featureproductlist.html and http://www.cnxingqiang.com/ websites are attached respectively hereto as Exhibits V and W.

16. Defendant clearly had access to Plaintiffs' copyrighted works because the products are featured by Garden Meadow at various trade shows internationally, in multiple retail outlets throughout the United States, Canada and Europe, and by other means.  Furthermore, this is not the first time that Defendant has infringed Plaintiffs' works.  Specifically, Defendant offered its goods for sale at a trade show in April of 2011, venued at the Canton Fair in China.  This was the first time Plaintiffs became aware of Defendant, and during that show, the Chinese authorities confiscated approximately sixteen (16) different

4

1 products from Defendant's booth.  After that trade show, Plaintiffs sent Defendant a letter
2 regarding its Infringing Products advertised on their website, and Defendant subsequently
3 removed some of those goods.  However, as evidenced in Exhibits V and W above, Defendant
4 is now offering its Infringing Products for sale once again.

5     17.    Defendant's Infringing Products that are being exhibited at the Hardware Show
6 and on the Internet are substantially similar to Plaintiffs, which again are protected by the
7 copyrights contained in Exhibits A through M above.

## **FIRST CLAIM FOR RELIEF**

### (Copyright Infringement)

    18.    Plaintiffs repeat, reallege, and reiterate each and every paragraph set forth above as if fully set forth herein.

    19.    Plaintiffs are the respective owners of the Cooper Registrations and the Garden Meadow Registrations.

    20.    At all times pertinent hereto, Plaintiffs have complied with all of the provisions of the copyright laws of the United States applicable to the subject works.

    21.    Upon information and belief, Defendant has infringed and are continuing to infringe the statutory copyright with respect to the subject works contained in the Cooper Registrations and the Garden Meadow Registrations by copying, making and distributing, modifying, authorizing the making and distributing, and/or participating in and furthering such infringing acts, or sharing in the proceeds therefrom.

    22.    Upon information and belief, Defendant's actions were conducted for commercial purposes without Plaintiffs' authorization or consent.

    23.    Upon information and belief, Defendant has made gains, profits and advantages as a result of the dissemination of the Infringing Products and its violation of Plaintiffs' rights.

    24.    In undertaking the conduct complained of in this action, Defendant has knowingly and intentionally violated Plaintiffs' rights.

    25.    Plaintiffs have sustained damages by the actions of the Defendant and are entitled to compensation under the copyright laws of the United States.

26. If Defendant's conduct is allowed to continue, Plaintiffs will be irreparably harmed and therefore, Plaintiffs are entitled to immediate preliminary and permanent injunctive relief.

27. Plaintiffs have been damaged by Defendant's willful infringement in an amount according to proof.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief:

1. That an order be issued preliminarily and permanently enjoining Defendant and its servants, agents, employees, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively, from: (a) using, possessing, disclosing, reproducing, or preparing derivative copies, and distributing, marketing, or displaying any of Plaintiffs' copyrighted works embodied in U.S. Copyright Registration Nos. VA 1-370-954, VA 1-425-762, VAu 967-188, VA 1-668-337, VA 1-747-291, VA 1-668-335, VA1-751-604, VAu 1-036-279, VA 1-679-965, VA 1-679-856, VA 1-684-990, VAu 1-002-280, and Garden Meadow's "Solar Zen Birdcage" Copyright Application, or in any way infringing on such copyrighted works; (b) copying, using, possessing, disclosing, reproducing, or preparing derivative copies, and distributing, marketing, or displaying Plaintiffs' copyrighted works protected by U.S. Copyright Registration Nos. VA 1-370-954, VA 1-425-762, VAu 967-188, VA 1-668-337, VA 1-747-291, VA 1-668-335, VA1-751-604, VAu 1-036-279, VA 1-679-965, VA 1-679-856, VA 1-684-990, VAu 1-002-280, and Garden Meadow's "Solar Zen Birdcage" Copyright Application; (c) copying, selling, exhibiting, advertising, or promoting any products or in any way infringing on Plaintiffs' copyrighted works protected by U.S. Copyright Registration Nos. VA 1-370-954, VA 1-425-762, VAu 967-188, VA 1-668-337, VA 1-747-291, VA 1-668-335, VA1-751-604, VAu 1-036-279, VA 1-679-965, VA 1-679-856, VA 1-684-990, VAu 1-002-280, and Garden Meadow's "Solar Zen Birdcage" Copyright Application**,** including the Infringing Products shown on Exhibits N through U hereto; (d) creating derivate works from U.S. Copyright Registration Nos. VA 1-370-954, VA 1-425-762, VAu 967-188, VA 1-668-337, VA 1-747-291, VA 1-668-335, VA1-

751-604, VAu 1-036-279, VA 1-679-965, VA 1-679-856, VA 1-684-990, VAu 1-002-280, and Garden Meadow's "Solar Zen Birdcage" Copyright Application; (e) making, manufacturing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing Defendant's Infringing Products shown on Exhibits N through U hereto; (f) disposing of, destroying, moving, relocating, or transferring Defendant's Infringing Products shown on Exhibits N through W hereto; and (g) representing to the public in any way that it is the owner, in whole or in part, of the copyrighted works at issue.

2. Any and all damages, including statutory and punitive damages, if appropriate;

3. An award of attorneys' fees and costs pursuant to 17 U.S.C. § 505;

4. An award of prejudgment and post-judgment interest; and

5. Such other and further relief as the Court deems just and proper.

DATED this 10th day of May, 2011.

WATSON ROUNDS

By: /s/ Matthew D. Francis
Michael D. Rounds
Matthew D. Francis
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
(775) 324-4100

Attorneys for Plaintiffs Sandy Cooper and Garden Meadow, Inc.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Sandy Cooper and Garden Meadow, Inc. hereby demand a jury trial on all issues triable by jury.

DATED this 10th day of May, 2011.

        WATSON ROUNDS

        By: /s/ Matthew D. Francis
        Michael D. Rounds
        Matthew D. Francis
        WATSON ROUNDS
        5371 Kietzke Lane
        Reno, Nevada 89511
        (775) 324-4100

        Attorneys for Plaintiffs Sandy Cooper and Garden Meadow, Inc.