L. CHRISTOPHER ROSE, ESQ.
Nevada Bar No. 7500
Email:  lcr@juww.com
TYLER N. URE, ESQ.
Nevada Bar No. 11730
Email: tnu@juww.com
JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Pkwy., #1600
Las Vegas, Nevada 89169
Telephone:     (702) 699-7500
Facsimile:      (702) 699-7555

Attorneys for Plaintiffs Sandy Cooper
and Garden Meadow, Inc.

UNITED SATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDY COOPER, an individual, GARDEN MEADOW, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>NINGBO XINGQIANG METALLIC PRODUCTS CO., LTD., a Chinese company,<br><br>Defendant. | CASE NO.   2:11-cv-00745-RLH-GWF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE REGARDING CONTEMPT AND HOLDING DEFENDANT IN CONTEMPT OF COURT** |

Before the Court is Plaintiffs' Motion for Order to Show Cause Regarding Contempt (Docket No. 29) and the Court's Order to Show Cause Regarding Contempt (Docket No. 33). For the reasons discussed below, and based on the findings and conclusions set forth herein, the Court finds that Defendant is in contempt of court and grants Plaintiffs' motion.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Sandy Cooper and Garden Meadow, Inc. ("Garden Meadow") filed this action on May 10, 2011 against Defendant Ningbo Xingqiang Metallic Products Co., Ltd. ("Ningbo") alleging claims for copyright infringement and seeking a preliminary and permanent injunction enjoining Ningbo from infringing upon Garden Meadow's copyrighted works. (Docket No. 1). Garden Meadow is engaged in the business of manufacturing and distributing solar products and

garden accessories, and its copyrighted works include a variety of solar lighting, garden sculptures, citronella candles, storage units and ice coolers, cabanas, and other outdoor living products. Garden Meadow's products are distributed worldwide and its consumers include major domestic and international retailers. *See id.* Upon Garden Meadow's application for a restraining order and motion for a preliminary injunction (Docket Nos. 5-6), the Court issued a temporary restraining order on May 11, 2011, to enjoin Ningbo's infringement (Docket No. 8) and a preliminary injunction on May 25, 2011, likewise enjoining Ningbo from infringing on Garden Meadow's copyrighted works. (Docket No. 15). Ningbo was duly served with the Complaint, Summons, Application for Temporary Restraining Order, Motion for Preliminary Injunction, and the Temporary Restraining Order and Order to Show Cause Regarding Permanent Injunction at the Las Vegas Convention Center during the National Hardware Show. (*See* Docket Nos. 5 and 9). Ningbo did not oppose the temporary restraining order or preliminary injunction. Furthermore, Ningbo did not appear at the show cause hearing to oppose the requested injunctive relief. The Preliminary Injunction Order was granted and filed May 25, 2011. (Docket No. 15).

After Ningbo failed to respond to the Complaint, Garden Meadow filed its request for entry of default. (Docket No. 16). Default was entered (Docket No. 17) and Garden Meadow filed its application for default judgment. (Docket No. 19). The application for default judgment and supporting declarations were likewise duly served upon Ningbo (Docket No. 23). On September 2, 2011, this Court granted a Default Judgment against Ningbo, awarding Garden Meadow damages, interest and attorneys' fees. (Docket No. 24). Furthermore, in the default judgment, the Court issued a permanent injunction enjoining Ningbo and its servants, agents, employees, successors and assigns, and all persons acting in concert or privy with them, from copying, making, manufacturing, using, possessing, selling, offering for sale, disclosing,

exhibiting, reproducing, creating derivative works from, distributing, shipping, licensing, developing, delivering, marketing, advertising, displaying or promoting any products that infringe on Garden Meadow's copyrighted works as enumerated in the default judgment. *See id.* Ningbo was duly served with the default judgment on September 6, 2011. (Docket No. 27).

In April 2012, Garden Meadow found a number of Ningbo's infringing products for sale on a website, www.alibabba.com. (Docket No. 30). The six products Ningbo offered for sale on the website infringe upon six of Garden Meadow's copyrighted works that were included in the permanent injunction entered as part of the default judgment. (Docket Nos. 30 and 24). As a result, Garden Meadow filed its motion to reopen this case and for an order to show cause regarding contempt. (Docket No. 29). This Court granted the motion to reopen and issued an order for Ningbo to appear and show cause why it should not be held in contempt of court. (Docket No. 33). Ningbo was duly served with the Motion to Re-Open Case and the Order to Show Cause Regarding Contempt, the Memorandum in support of that motion, and this Court's Order granting the motion to re-open and ordering Ningbo to show cause why it should not be held in contempt of court. (Docket No. 42).

Ningbo did not file an opposition to Garden Meadow's motion nor did Ningbo appear at the show cause hearing on February 13, 2013.

## II.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     The Factual Background and Procedural History above is hereby incorporated in its entirety into the Court's findings of fact and conclusions of law.

2.     Ningbo violated this Court's Order (Docket No. 24) to appear before the Court and show cause why Ningbo should not be held in contempt of court for violating the permanent injunction.

3. Ningbo offered for sale a number of infringing products that infringe upon Garden Meadow's copyright in U.S. Copyright Registration Nos. VA 1-425-762, VA 1-668-337, VA 1-747-291, VA 1-668-335, VAu 1-036-279, and VA 1-684-990.

4. Ningbo's conduct as set forth herein has at all times been willful, intentional, malicious and in blatant disregard for Garden Meadow's copyrights or this Court's orders, including the permanent injunction. Ningbo at all times was aware that its acts constituted infringement of Garden Meadow's copyrights.

5. Ningbo's conduct is especially egregious given that this is the second time Ningbo has infringed on the same copyrighted works at issue in this action. The willfulness and egregious nature of Ningbo's conduct is also demonstrated by a second action Garden Meadow was required to file against Ningbo in this district regarding yet further alleged infringements, Case Number 2:21-cv-00698-JCM-GWF, of which this Court takes judicial notice.

6. Ningbo's conduct as set forth herein constitutes a violation of the Permanent Injunction. (Docket No. 24).

7. Ningbo failed to show cause why it should not be held in contempt of court for violating the permanent injunction.

8. Pursuant to 17 U.S.C. § 504(c), Garden Meadow is entitled to damages for Ningbo's contempt. 17 U.S.C. § 504(c)(1) allows for statutory damages of up to $30,000 for each copyright infringement, and 17 U.S.C. § 504(c)(2) allows for statutory damages of as much as $150,000 for each infringement when the infringement was committed willfully.

9. In awarding damages set forth in the Default Judgment (Docket No. 24), this Court found that Ningbo's conduct was willful and awarded damages under 17 U.S.C. § 504(c)(2) in the amount of $150,000 for each infringement. (Docket Nos. 19 and 24).

10.     Based on the papers and pleadings on file in this action, and the findings herein, the Court finds that Ningbo acted willfully and deliberately in violating the Permanent Injunction with full knowledge of the wrongful nature of its actions. The Court therefore awards Garden Meadow damages and sanctions in the amount of $__150,000.00__ for each of the six violations for a total amount of $__900,000.00__.

11.     Pursuant to 17 U.S.C. § 505, Garden Meadow is entitled to an award of attorneys' fees and costs. Based on the affidavit of Garden Meadow's counsel, the Court awards fees of $7,831.50.

DATED this 26th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE